IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-CR-105-JED |
| v. ) | (15-CV-614-JED-FHM) |
| ) | |
| LETHAN CRAIG BIAS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the motion of defendant, Lethan Craig Bias, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Doc. 62). Initially, Mr. Bias premised his motion on claims of ineffective assistance of counsel in plea negotiations and at sentencing. (*Id.*, Grounds One and Two). He subsequently filed motions to supplement or amend. (*See* Doc. 65, 66, 67). In his first and second supplements filed on May 18 and June 10, 2016, Mr. Bias asserted that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) directly impacts his Armed Career Criminal Act (ACCA) designation and sentence. Because his requests to supplement to raise *Johnson* issues were filed within one year of the *Johnson* decision, the Court entered an order construing those filings as amendments and supplements to his § 2255 motion. (Doc. 68).

Mr. Bias filed a third supplement on July 18, 2016, asserting that, pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), certain of his convictions "no longer qualify" as predicate offenses under the ACCA. With respect to Mr. Bias's assertion of issues under *Mathis*, the Court stated that, "[a]t this time, and without ruling on the timeliness of the presentation of his arguments under *Mathis* (which the Supreme Court indicated was decided under its existing precedents), the Court will construe the [third] request to be an amendment and supplement to his Motion." (Doc.

68). The Court directed the government to respond, and authorized Mr. Bias to file a reply brief. (*Id.*). The Federal Public Defender's Office was appointed to assist with the motion under § 2255.

## I. Mr. Bias's conviction, sentence, and appeal

A grand jury indicted Mr. Bias in 2013 for possessing a firearm and ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). (Doc. 15). The indictment identified five prior felony convictions, including burglaries in Texas, Arkansas, and Oklahoma, and a kidnapping. Attorney Jeffrey McGrew was appointed to represent Mr. Bias. Bias decided to change his plea to guilty pursuant to a plea agreement. At the change of plea hearing, the Court noted that the plea agreement indicated that Mr. Bias waived his right to directly appeal his conviction and sentence, while his plea petition provided that he was reserving the right to appeal sentencing issues. (*See* 7/19/13 Tr., Doc. 45 at 8-9). Counsel noted that there remained a disagreement as to whether the defendant should be sentenced under the ACCA. (*Id.* at 10).

The parties agreed to change the plea agreement to permit Mr. Bias to reserve his rights to appeal sentencing issues. (*Id.* at 13). Mr. Bias admitted that he had been convicted of the crimes alleged in the indictment. (*Id.* at 19-20). Bias confirmed that he wished to challenge the application of the ACCA's mandatory minimum 15-year sentence based on the prior convictions, which he said were not violent offenses. (*Id.* at 20). He then pleaded guilty to possessing firearms after felony convictions. (*Id.* at 37-38).

The probation office's presentence investigation report concluded that Mr. Bias had three prior burglary convictions for violent felonies, as then defined under the ACCA, 18 U.S.C. § 924(e), and it classified him as an armed career criminal, which raised his statutory maximum sentence from ten years under 18 U.S.C. § 924(a)(2) to a maximum of life imprisonment and a statutory minimum of fifteen years' imprisonment under § 924(e). The three offenses that were

2

utilized were (1) burglary of a building, second degree, under Texas law; (2) burglary in Arkansas; and (3) second degree burglary in Oklahoma. The PSI also noted a kidnapping conviction as part of the Oklahoma conviction.

Before sentencing, Mr. Bias's counsel submitted a sentencing memorandum, asserting Mr. Bias's argument that his prior burglary convictions did not qualify as violent crimes. (Doc. 32). Bias also submitted a letter arguing that his prior offenses were not violent and that he should not be sentenced as an armed career criminal. (*See* Doc. 29). At sentencing, Mr. Bias's counsel requested that the Court find that at least one of the burglary convictions could not serve as predicates under the ACCA, and he requested that Mr. Bias be permitted to make a statement about his burglary convictions. (12/11/13 Tr., Doc. 46 at 4-5). Bias then explained his position that all of his prior convictions were not violent in nature, and he expressly refused to "acknowledge that the charges for burglary . . . [were] violent." (*Id.* at 9). Bias's counsel argued that the Oklahoma second degree burglary statute included types of burglary, including burglary of a vending machine, that "would fall outside armed career criminal." (*Id.* at 10-11). In response, based on review of underlying documents relating to that conviction, the Court responded, "But we know that it wasn't a burglary of a vending machine, and we know it was a burglary in the second degree of a home." (*Id.* at 11). The Court made clear that it examined at least the information, judgment and sentence as to the Oklahoma conviction. (*See id.*).

At sentencing, the Court noted that burglary is an enumerated offense under the ACCA and indicated that Bias's burglary offenses fit within the generic definition of burglary in *Taylor v. United States*, 495 U.S. 575, 600-601 (1990), as "an unlawful or unprivileged entry into or remaining, in a building or other structure, with intent to commit a crime." (*Id.* at 20-22). Bias was sentenced to the ACCA's mandatory minimum of fifteen years. (Doc. 37).

3

Mr. Bias appealed. The Tenth Circuit dismissed his appeal, concluding that this Court had properly considered the three burglaries to qualify as violent felonies under the ACCA. (Doc. 55).

## II. Ineffective assistance claims

The government argues that Mr. Bias's § 2255 motion was untimely with respect to his claims of ineffective assistance of counsel in plea negotiations and sentencing, because he did not file his motion within the one-year time limitation provided in 28 U.S.C. § 2255(f). "For the purpose of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525, (2003); *see also id.* at 532; *United States v. McKenzie*, 803 F.3d 1164, 1165 (10th Cir. 2015). Mr. Bias has not responded to the timeliness argument as to the ineffective assistance claims.

The Tenth Circuit dismissed Mr. Bias's appeal on June 30, 2014. The 90-day period for filing a certiorari petition expired on September 29, 2014, and the statute of limitations for his § 2255 motion expired one year later, on September 29, 2015. He did not file his motion until October 23, 2015, 24 days after the expiration of the deadline under § 2255(f). The Court also agrees with the government's alternative argument that Mr. McGrew did not render ineffective assistance of counsel as Mr. Bias has alleged. He is thus not entitled to relief on his ineffective assistance claims.

## III. Mr. Bias's status under the ACCA

### A. The residual clause

By supplement to his § 2255 motion, Mr. Bias timely presented a claim under *Johnson*. Before *Johnson*, the ACCA defined "violent felony" as follows:

> "[V]iolent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying

4

> of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The language of the second part of § 924(e)(2)(B)(ii) – "otherwise involves conduct that presents a serious potential risk of physical injury to another" – is known as the "residual clause." The Supreme Court in *Johnson* held the residual clause to be unconstitutionally vague, in violation of the Due Process Clause of the Fifth Amendment. *Johnson*, 135 S. Ct. at 2556-57.

Mr. Bias has not presented a *Johnson* claim, *per se*. That is because *Johnson* did "not call into question application of the [ACCA] to the four enumerated offenses [burglary, arson, extortion, or acts involving use of explosives] or the remainder of the Act's definition of a violent felony." *Id.* at 2563. Mr. Bias was not sentenced under the residual clause, but was instead sentenced under the enumerated offenses clause, which will be discussed below.

**B.     The enumerated offenses clause**

**1.     Oklahoma second degree burglary**

Mr. Bias was convicted under 18 U.S.C. § 922(g)(1) for being a felon in possession of firearms. Absent this Court's determination that Mr. Bias had at least three previous convictions "for a violent felony" – which rendered him subject to a mandatory minimum sentence of fifteen years in prison pursuant to § 924(e)(2)(B)(ii) – Mr. Bias would have faced a maximum sentence of ten years' imprisonment. *See* 18 U.S.C. § 924(a). The three felonies that supported the sentencing enhancement were considered violent felonies under the enumerated offenses clause of

§ 924(e)(2)(B)(ii), which expressly identifies "burglary, arson, or extortion, [or crimes involving] use of explosives" as meeting the definition of violent felonies. *See* 18 U.S.C. § 924(e)(2)(B)(ii).

Both before and during sentencing, Mr. Bias argued that his prior burglary convictions were *not* violent felonies that would qualify him as an armed career criminal. (*See, e.g.,* Doc. 29; Doc. 32; Doc. 45 at 8-10, 13, 19-20; Doc. 46 at 4-5, 9-11). The Court rejected that argument as to each burglary conviction. In doing so, the Court applied a modified categorical approach to the Oklahoma second degree burglary statute and determined that the charging and other documents relating to that conviction showed that Bias had burglarized a residence, such that the offense met the generic definition of burglary and thus qualified for purposes of the ACCA. Mr. Bias again raised his arguments on appeal, but the Circuit dismissed the appeal upon determining that "all three burglaries were of a habitation and qualify as crimes of violence for the purpose of applying the Armed Career Criminal Act." (Doc. 55 at 7).

Following Bias's conviction, sentencing, and the determination of his appeal, the Supreme Court decided *Mathis*. In *Mathis*, the Supreme Court reiterated that the ACCA's enumerated offenses clause refers only to "generic" versions of the listed offenses, not to every variation of those crimes that may have been committed under a state's law. 136 S. Ct. at 2248. Sentencing courts are supposed to apply the categorical approach to determine whether the statute of conviction for one of the ACCA's listed offenses (including burglary, which is at issue here), qualifies as a "violent felony." *Id.* The categorical approach involves comparing the elements of the crime of conviction with the elements of the "generic" version of the offense. *Id.* at 2247. A prior conviction qualifies as an ACCA predicate "if, but only if, its elements are the same as, or narrower than, those of the generic offense." *Id.* Under that approach, the sentencing court is to ignore the "particular facts of the case" and look at whether the elements of the statute of

6

conviction sufficiently match the elements of the generic crime. *Id. If the state burglary statute "covers any more conduct than the generic offense, then it is not an ACCA 'burglary' – even if the defendant's actual conduct (i.e. the facts of the crime) fits within the generic offense's boundaries." Id.* (emphasis added).

In *Mathis*, the Supreme Court rejected the lower courts' application of the modified categorical approach in examining an Iowa burglary statute that defined burglary to include unauthorized entrance into an "occupied structure," which was separately defined to include any "building," "structure," "land, water or air vehicles," or "similar place." *See* Iowa Code § 702.12 (quoted in *Mathis*, 136 S. Ct. at 2259). Based on the list of occupied structures, the Iowa district court had reviewed the charging documents and determined that the defendant was convicted of burglarizing structures, rather than vehicles and thus imposed sentencing under the ACCA. *Mathis*, 136 S. Ct. at 2250. On appeal, the Eighth Circuit affirmed, after concluding that the Iowa burglary statute's list of alternate types of "occupied structure" were separate elements, each part of a different crime, such that the sentencing court could use the modified categorical approach to examine charging and other documents and determine which crime was the crime of conviction. *Id.* at 2251. Based on that modified categorical approach and examination of the charging documents, the Eight Circuit affirmed the ACCA sentencing based on the burglaries.

The Supreme Court noted that the Eighth Circuit "thought nothing changed if structures and vehicles were not distinct elements but only alternative means . . . to fulfilling an element," as the Circuit determined that both required the application of the modified categorical approach. *Id.* According to the Supreme Court, the Eight Circuit's decision "added to a Circuit split over whether ACCA's general rule – that a defendant's crime of conviction can count as a predicate only if its elements match those of a generic offense – gives way when a statute happens to list various means

7

by which a defendant can satisfy an element." *Id.* The Supreme Court granted certiorari "to resolve that division." *Id.* The Court in *Mathis* noted that the Sixth and Tenth Circuits had, like the Eight Circuit, approved of the application of the modified categorical approach where a state statute was considered to include means by which a defendant can satisfy an element. *See id.*, fn. 1 (citing *United States v. Trent*, 767 F.3d 1046 (10th Cir. 2014)).

In rejecting the application of the modified categorical approach to statutes that list means of committing a crime, the Supreme Court noted that the "underlying brute facts or means" by which the defendant committed the crime should not be considered, because the mismatch of elements to the generic offense saves the defendant from an ACCA sentence. *Mathis*, 136 S. Ct. at 2251. That is because of the Supreme Court's prior determination that a sentencing judge must look only to "the elements of the [offense], not the facts of [the] defendant's conduct." *Id.* Thus, the Supreme Court reversed because "the elements of Mathis's crime of conviction (Iowa burglary) cover a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary)," resolving the case. *Id.* at 2251.

The *Mathis* Court reasoned that there were three "basic reasons for adhering to an elements-only inquiry." *Id.* at 2252. First, "Congress indicated that the sentencer should ask only about whether 'the defendant had been convicted of crimes falling within certain categories,' and not about what the defendant had actually done." *Id.* (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). Second, "a construction of ACCA allowing a sentencing judge to go any further would raise serious Sixth Amendment concerns" because "only a jury, and not a judge, may find facts that increase a maximum penalty, except for the simple fact of a prior conviction." *Id.* (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Third, "an elements-focus avoids unfairness to defendants" because "a [state] prosecutor's or judge's mistake as to means, reflected in the

8

record, is likely to go uncorrected" where a defendant had no incentive to contest what did not matter in the state court. *Mathis*, 136 S. Ct. at 2253. And "[s]uch inaccuracies should not come back to haunt the defendant many years down the road by triggering a lengthy mandatory sentence." *Id.*

Since *Mathis* was decided, the Tenth Circuit has stated that the Oklahoma second degree burglary statute – Okla. Stat. tit. 21, § 1435 – "covers more conduct than generic burglary does," just as the Iowa burglary statute that was at issue in *Mathis*. *See United States v. Taylor*, 672 F. App'x 860, 863 (10th Cir. 2016) (unpublished).[1] And the Tenth Circuit has stated that, *"[b]ecause the Oklahoma statute defines burglary more broadly than generic burglary, [a defendant's] convictions under the Oklahoma [burglary] statute 'cannot give rise to an ACCA sentence.'" Id.* (quoting *Mathis*, 136 S. Ct. at 2257) (emphasis added). As a result, the Circuit has said that it would be "reversible error" for a sentencing court to apply the modified categorical approach in analyzing convictions under the Oklahoma second degree burglary statute. *Id.* Another judge in this District has similarly determined that the Oklahoma second degree burglary statute does not qualify as a violent felony for ACCA purposes, in light of *Mathis*. *See United States v. Hamilton*, ___ F. Supp. 3d ___, No. 06-CR-188-TCK, 2017 WL 368512, at *8-11 (N.D. Okla. Jan. 25, 2017). The holding in *Hamilton* was premised upon a determination that, "[l]ike the Iowa statute [at issue in *Mathis*], the Oklahoma statute lists the locations in the disjunctive and creates an illustrative list

---

[1] Oklahoma's second degree burglary statute provides that:

> Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

*Okla. Stat.* tit. 21, § 1435.

of examples, [which] indicates the Oklahoma legislature intended to create one crime for breaking and entering various locations, not numerous different crimes depending on the location burglarized." *Id.* at \*11.

In light of the Tenth Circuit's statement in *Taylor*, 672 F. App'x at 863, and Judge Kern's determination and reasoning in *Hamilton*, this Court concludes that it erred in considering Mr. Bias's Oklahoma second degree burglary conviction as a predicate for ACCA sentencing. However, *Mathis* did not announce a new rule of law and does not apply retroactively on collateral review. *See Taylor*, 672 F. App'x at 864-65; *United States v. Smith*, No. CR-00-49-D, 2017 WL 1610119 (W.D. Okla. April 28, 2017). Nonetheless, for several reasons, this Court concludes that Mr. Bias is entitled to relief under § 2255. First, the government has not argued that Mr. Bias's ACCA-*Mathis* arguments were untimely or improperly asserted as part of this § 2255 proceeding. Instead, the government addressed the merits of the *Mathis* arguments and asserted that this Court should find that the Oklahoma burglary conviction fits generic burglary and thus properly qualified as an ACCA predicate. (*See* Doc. 73 at 15 of 28 [arguing only that the ineffective assistance claims were untimely]; *id.* at 20-25 of 28 [arguing the merits of including the burglary convictions as ACCA predicates under *Mathis*]).

The Court also notes that Judge Kern in *Hamilton* applied *Mathis* as part of a timely-asserted *Johnson* claim, based upon a finding that it was unclear whether he had, during sentencing, relied upon the enumerated offenses clause (which includes burglary) or the residual clause in sentencing the defendant under the ACCA. *Hamilton*, at \*4. The district court in *Hamilton* granted the § 2255 motion and resentenced the defendant to time-served, and the government has appealed in that case. As in this Court, the government in *Hamilton* is not asserting an untimeliness argument as to *Mathis*, but instead identified the issue as involving the *Hamilton* court's determination that

Oklahoma's second degree burglary statute cannot be used as a predicate offense for sentence enhancement under the ACCA.[2]

Second, while the defendant in *Taylor* was prevented from raising *Mathis* on collateral review, *see* 672 F. App'x at 864-65, the circumstances of that case are distinguishable, because the defendant there was convicted in 2001, did not object to the presentence investigation report's determination that prior convictions required a sentencing enhancement under the ACCA, and he did not appeal his sentence. Thus, his first challenge to his ACCA sentence was presented fifteen years after conviction and sentence. *See United States v. Taylor*, No. CR-01-128-D, 2016 WL 2903293 (W.D. Okla. May 18, 2016). This is in stark contrast to Bias's arguments at every stage that he should not have been sentenced under the ACCA because none of his burglary convictions qualified as violent.

Third, although the Supreme Court indicated in *Mathis* that its holding in that case was based on 25 years of clear precedent, it did resolve a split between the Circuits, on an issue as to which the Tenth Circuit had previously sided with the Eighth Circuit position that was expressly rejected in *Mathis*. Prior to *Mathis*, the Tenth Circuit had affirmed sentencing courts' use of the modified categorical approach to determine whether convictions under Oklahoma's second degree burglary statute would qualify for ACCA enhancement purposes. For example, in *United States v. Green*, 55 F.3d 1513 (10th Cir. 1995), the Tenth Circuit determined that the Oklahoma second degree burglary statute "defines burglary in terms broader" than the generic definition, such that a conviction under that statute "cannot as a categorical matter provide a basis for enhancement under

---

[2] The government in *Hamilton* has identified the issue to be raised on appeal as "[w]hether, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), Oklahoma's second-degree burglary statute (Okla. Stat. tit. 21 § 1435) contains alternative elements that would permit courts to use the modified categorical approach to determine whether a defendant's conviction under that statute qualified as generic burglary." (Appeal No. 17-5035, Docketing Statement filed 4/24/2017).

11

the ACCA." *Id.* at 1515-16. Yet the Circuit noted that it authorized use of the conviction for second degree burglary "for enhancement purposes 'if the charging document coupled with another document sufficiently enables the sentencing court to determine whether the defendant's prior conviction constitutes a violent felony.'" *Id.* at 1516 (quoting *United States v. Hill*, 53 F.3d 1151, 1153 (10th Cir. 1995) (en banc). And, as the Supreme Court noted, the Tenth Circuit had previously disregarded the means versus elements distinction in approving of the modified categorical approach. *Mathis*, 136 S. Ct. at 2251, fn. 1.

Fourth, the approach utilized by this Court in sentencing Mr. Bias is the very approach that the Tenth Circuit has, since *Mathis*, concluded would be "reversible error" if raised on direct appeal. *See Taylor*, 672 F. App'x at 863. Yet, when Mr. Bias wished to argue on appeal that he should not have been sentenced under the ACCA because the three burglaries (including the Oklahoma second degree burglary conviction) were not "violent felonies," his counsel filed a motion and brief under *Anders v. California*, 386 U.S. 738, 744 (1967), and the Tenth Circuit permitted his counsel to withdraw and then dismissed Mr. Bias's appeal:

> In support [of the *Anders* motion], his counsel notes that the district court complied with the Rule 11 requirements during the plea hearing and Mr. Bias voluntarily entered a plea of guilty and was aware of the penalties against him, including a sentence based on the statutory mandatory minimum of fifteen years under the [ACCA]. With respect to the Act's enhancement, he points out Mr. Bias admitted being convicted of the three prior burglaries and they qualify as "violent crimes," either as charged and/or from the underlying documentation, pursuant to the district court's application of the categorical, or modified categorical, approach. . . .
>
> [W]e have conducted a full examination of the record before us. . . . Without reiteration here, we agree with Mr. Bias's counsel's well-articulated analysis of the record and applicable law, and his conclusion no issues of merit exist warranting an appeal. . . . [W]e are limited to examining only the statutes, and if any one of them is divisible, only then may we apply the categorical or modified categorical approach. We then proceed to examine the underlying documents such as the charging papers, jury instructions, formal rulings of law, and findings of fact, or the facts as presented in a written plea agreement or findings of fact adopted by the defendant in entering a plea. Here, the district court correctly declined to consider

> Mr. Bias's version of the underlying facts of his burglary convictions and, where appropriate, relied on either the language of the charging statute itself or the underlying documentation. Our review establishes nothing in those statutes or the underlying documentation, where applied, which supports Mr. Bias's appeal.

(Doc. 55) (internal citations omitted). In hindsight, in the wake of *Mathis* and *Taylor*, the undersigned got it wrong, and an injustice – the sentencing of Mr. Bias under a mandatory minimum sentence of fifteen years as opposed to a statutory maximum of ten years – occurred as a result.

Fifth, had the government presented an argument as to timeliness or availability of collateral review as to Bias's arguments under *Mathis* (which it has not), the Court believes that equitable tolling would be warranted on the specific facts of this case. This case involves extraordinary circumstances: (1) Mr. Bias presented his arguments challenging the use of the second degree burglary conviction as a "violent crime" to sentence him under the ACCA, before and at sentencing and on direct appeal, but his arguments were rejected as meritless; (2) in sentencing Bias under the ACCA, the Court applied an approach to the Oklahoma second degree burglary conviction which *Mathis* disallows; and (3) prior to *Mathis*, the Tenth Circuit and this District Court had not determined that a conviction under the Oklahoma second degree burglary statute was ineligible as a predicate for ACCA sentencing, but both courts have since done so, applying *Mathis*. These extraordinary facts and Mr. Bias's diligent pursuit of his arguments that his burglaries should not be utilized as "violent felonies" under the ACCA support equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (equitable tolling may be available where the petitioner has been pursuing his rights diligently and some extraordinary circumstance prevented his timely filing).

Indeed, Mr. Bias's counsel felt that the law was so clear that the burglary convictions, including the Oklahoma second degree burglary conviction, "qualif[ied] as 'violent crimes'" under

13

the ACCA, that he filed an *Anders* motion to withdraw. (*See* Doc. 55). And the appeals court permitted that withdrawal and agreed with counsel that Bias had presented no meritorious issues, such that the appeal was dismissed. (*Id.*). Until *Mathis* was decided on June 23, 2016 and instructed that sentencing courts must (notwithstanding the position of the Sixth, Eighth, and Tenth Circuits) examine whether a statute involves disjunctive means or elements, Bias's reiteration of the arguments he had presented both to this Court and on appeal would most certainly have been an act of pure futility. Moreover, Bias did timely assert a claim under *Johnson* challenging his ACCA sentence, and less than one month after the Supreme Court issued its decision resolving the Circuit split in *Mathis*, he supplemented his ACCA-related argument.[3]

For the foregoing reasons, the Court finds merit in Mr. Bias's claim that the Oklahoma second degree burglary conviction was improperly utilized as an ACCA predicate offense in his sentencing. That takes out one of the three predicates under which Bias was sentenced, such that there are no longer three "violent felonies" that would qualify him for ACCA sentencing.

2. **Oklahoma kidnapping**

The government alternatively argues that, even if the Oklahoma second degree burglary conviction should not have been utilized as an ACCA predicate offense, Mr. Bias's kidnapping conviction under *Okla. Stat.* tit. 21, § 741 would qualify as the third violent felony for ACCA

---

[3] While some courts have found equitable tolling not to apply where defendants filed late § 2255 motions premised upon *Mathis*, such cases involved defendants who had never appealed and/or had not previously raised any issue regarding the consideration of particular convictions as "violent felony" predicates under the ACCA. *See, e.g., United States v. Sanders*, 1:07-CR-38-TLS, 2017 WL 2864961 (N.D. Ind. July 5, 2017) (defendant never appealed and filed a § 2255 motion nine years after his conviction was final); *Brodie v. United States*, 5:12CR-13-TBR, 2017 WL 2540570 (W.D. Ky. June 9, 2017) (defendant did not file a direct appeal and filed the § 2255 motion three years late). In stark contrast, Mr. Bias expressly reserved the right in his plea agreement to appeal contested sentencing issues, he raised ACCA arguments in the trial court, and he directly appealed his ACCA sentence with the same arguments, which were rejected.

purposes. However, another Judge of this District has recently determined that the Oklahoma kidnapping statute involves alternative means, rather than elements, and concluded that "a conviction under § 741 is not a violent felony under the ACCA." *United States v. Scott*, 10-CR-87-CVE, 2016 WL 6808152, at *7-8 (N.D. Okla. Nov. 17, 2016). The Court agrees with Judge Eagan's determination that the kidnapping statute should not be used as an ACCA predicate.

## IV. Conclusion

The Court incorrectly determined that Mr. Bias's second degree burglary conviction under Oklahoma law qualified as a predicate for ACCA enhancement. Mr. Bias was sentenced based upon that error, which resulted in application of a fifteen-year mandatory minimum sentence, rather than a ten-year maximum sentence. As a result, Mr. Bias's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 62), as supplemented, is hereby **granted**. His judgment and commitment (Doc. 37) is **vacated**, and this case is **set for a resentencing hearing on November 1, 2017 at 9:30 a.m.** This setting is intended to permit the preparation of a new presentence report and time for the parties to bring Mr. Bias to the Northern District of Oklahoma and for Mr. Bias to confer with counsel regarding any objections to the presentence report. The parties may jointly request an accelerated scheduling if they do not need the full amount of time to prepare for sentencing.

SO ORDERED this 3rd day of August, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE